## MURRELL v. SNEAD & CO. et al.
### No. 5961.

Circuit Court of Appeals, Third Circuit.
June 24, 1936.

Andrew J. Whinery, of Newark, N. J., for appellant.

Wall, Haight, Carey & Hartpence and Albert C. Wall, all of Jersey City, N. J., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

■ This is an action at law. It is really an action of account. Because of this feature the trial court sent the accounting to a referee. The referee made a report finding the sum of $10,221.26 to be due by Snead & Co. The case in its procedural features is complicated by a circumstance. Murrell and Knight had a joint claim against Snead & Co., their employers, for commissions. The sum due, if any, could be determined only by an accounting. Murrell and Knight individually were each indebted to Snead & Co. Knight refused to join with Murrell in the action. Under the New Jersey practice he was in consequence made a defendant. No law of the United States concerns itself with the case. Snead & Co. are citizens of New Jersey; Murrell and Knight of New York. The trial court had jurisdiction only because of this diversity of citizenship and the sum of money in controversy. Snead & Co. could be served with process only in New Jersey. For jurisdictional purposes there may be a realignment of parties. Under the conformity statutes the case would be tried as a state case. Had it taken the usual course, it would have been submitted to a jury. As it was, the judgment appealed from was entered by the court below. The underlying question is the judicial power of the court below to enter the questioned judgment. If it was without such power, the judgment must be reversed and there is no need to discuss the other questions raised.

This case was tried as to its fact merits by one who is known to this record as referee. Parties litigant may, if so agreed, submit their differences to one called a referee. He really acts as arbitrator. A trial before him is extrajudicial. Such was not the case here. A statute may authorize the submission of a case to a referee to make findings of facts and state conclusions of law in much the same manner as when a case is submitted to a judge after waiver of trial by jury. The mode of procedure and the rights of the parties are such as the statute prescribes. Such trials are quasijudicial. This case was not so tried. A case may be submitted to a judge who tries it without a jury. This under what is called the federal practice is regulated by an act of Congress. U.S. C.A., title 28, § 773.

■ The instant case was not so tried because there was no compliance with the statute. Under the practice in some jurisdictions and by statute in others, cases in which an accounting is required or may be helpful, the trial court may commit the case to a referee or examiner to state such an account. The report of such referee is given the effect which under the practice or statute it has. Often it is made evidentiary and is prima facie evidence of the facts found. It is usually subject to exceptions and to confirmation by the court. There is such a statute in New Jersey. Section 155 of the New Jersey Practice Act (3 Comp.St.N.J.1910, p. 4101, § 155).

It is to the effect that when "matters of account are in controversy" in any action the cause may by rule be sent to a referee "to state and report an account * * * and the amount that may be due from either party to the other, which report * * * when confirmed by the court, shall be final and conclusive between the parties and judgment may be entered," etc. Either party may when the reference is made or the report is filed demand a jury trial at which the report is prima facie evidence of the facts found.

The proceedings had were under this statute, and the referee reported to be due by Snead & Co. to Murrell and Knight jointly the sum of $10,221.26. No jury trial was demanded, nor was the report confirmed by the court. Instead of confirming it, the court below changed it to a finding of the sum of $1,819.50 due Murrell alone, and gave judgment for that sum.

The statute is a New Jersey statute and has been held by the courts of the state to mean that the judgment rendered by the court is for the sum found by the referee or by a jury. The judgment appealed from is one entered by the court on its own findings. This judgment the trial court is without the judicial power to enter.

Judgment reversed, with a procedendo.